522 S.E.2d 208

**Cindy Dawn PAULEY, Formerly Cindy Dawn Surface, Plaintiff Below, Appellant,**

v.

**Jeanette L. Surface GILBERT, Guardian of the Estate of Cindy Dawn Surface; and American Casualty Company of Reading, Pennsylvania, a Foreign Corporation, Defendants Below, Appellees.**

No. 25808.

Supreme Court of Appeals of West Virginia.

Submitted May 11, 1999.

Decided July 16, 1999.

Charles R. Webb, Giatras & Webb, Charleston, West Virginia, Attorney for the Appellant.

Thomas C. Evans, III, Adams, Fisher & Evans, Ripley, West Virginia, Attorney for the Appellee, Jeanette L. Surface Gilbert.

Ancil G. Ramey, Steptoe & Johnson, Charleston, West Virginia, Attorney for the Appellee, American Casualty Company.

PER CURIAM:

The appellant herein and plaintiff below, Cindy Dawn Pauley [hereinafter "Ms. Pauley"], appeals from the April 14, 1998, order of the Circuit Court of Kanawha County, modifying its earlier judgment order. The first judgment order, entered July 9, 1997, upheld a jury verdict in favor of Ms. Pauley and against the appellee herein and defendant below, Jeanette L. Surface Gilbert [hereinafter "Ms. Gilbert"], and granted Ms. Pauley, in part, prejudgment interest on her compensatory damages award, postjudgment interest on her punitive damages award, and the attorney's fees and costs she incurred in the prosecution of her action against Ms. Gilbert. By its subsequent order, the circuit

court recalculated the amount of prejudgment interest to which Ms. Pauley was entitled on her award of compensatory damages and withdrew its earlier awards of postjudgment interest on her punitive damages award and its allowance of attorney's fees and costs.

Upon a review of the parties' arguments, the record designated for appellate review, and the pertinent authorities, we affirm, in part; vacate, in part; and remand this case for further proceedings consistent with this opinion. In this regard, we affirm that portion of the circuit court's April 14, 1998, order which recalculates the amount of prejudgment interest that Ms. Pauley may recover on her award of compensatory damages. However, we vacate the circuit court's April 14, 1998, order to the extent that it denies Ms. Pauley postjudgment interest on her award of punitive damages and her attorney's fees and costs associated with this action. We further remand this case for the reinstatement of the court's July 9, 1997, order insofar as it granted postjudgment interest on punitive damages and awarded attorney's fees and costs.

## I.

### FACTUAL AND PROCEDURAL HISTORY

The evidence presented at trial suggests the following facts. In April, 1975, Ms. Pauley's father passed away, leaving her life insurance benefits and Social Security death benefits. Because Ms. Pauley was a minor when she became the beneficiary of these funds, Ms. Gilbert, who is Ms. Pauley's mother, was appointed her guardian and was charged with holding these monies for her daughter until she reached the age of eighteen. With specific respect to the life insurance benefits, Ms. Gilbert, in her fiduciary capacity as Ms. Pauley's guardian, obtained two separate surety bonds during her daughter's minority. These bonds, which were in varying amounts proportionate to the accrued amount of death benefits at the time of each bond's issuance, were procured from the second defendant below, American Casualty Company of Reading, Pennsylvania [hereinafter "American Casualty"].

Also during Ms. Pauley's minority, Ms. Gilbert breached her fiduciary duty as Ms. Pauley's duly appointed guardian by using these monies as collateral for a personal loan and failing to make required accountings to the Kanawha County Commission. Further evidence of her fiduciary breaches includes Ms. Gilbert's actions in misappropriating these assets for her own use, including loaning $20,000 of these funds to her brother, who was subsequently incarcerated, and withdrawing the bulk of her daughter's estate, shortly before Ms. Pauley's eighteenth birthday, to use as purchase money for an adult entertainment establishment.

Upon reaching the age of majority, Ms. Pauley requested from her mother the monies to which she was then entitled. Although Ms. Gilbert paid Ms. Pauley certain sums from the trust assets, these payments were fairly insubstantial and fell far short of the total amount that had been entrusted to her, due to Ms. Gilbert's depletion of these funds. Thereafter, Ms. Pauley filed a claim against American Casualty, seeking to recover on her mother's surety bond therewith. Ms. Pauley also instituted a civil action, naming as defendants Ms. Gilbert and American Casualty. During the course of the jury trial, in February, 1997, Ms. Pauley settled with American Casualty for $30,000, and American Casualty was dismissed from the lawsuit. On February 6, 1997, a Kanawha County jury returned a verdict in Ms. Pauley's favor, finding:

> [1.] We, the jury, find that the defendant, Ms. Gilbert, has failed to meet her burden of proving a valid release.
>
> X YES _____ NO _____
>
> . . . .
>
> [2.] We, the jury, find that the defendant, Ms. Gilbert, violated her fiduciary duty to the plaintiff by converting trust funds for her personal use, or by her failure to adhere to statutory requirements imposed upon a legal guardian.

X YES \_\_\_\_NO

[3.] We, the jury, award compensatory damages to the plaintiff as follows:

a. Loss to the estate of plaintiff Cindy Dawn Pauley: $ 33,500.00.

**YOU CANNOT AWARD PUNITIVE DAMAGES UNLESS YOU FIND COMPENSATORY DAMAGES.**

[4.] We find the defendant, Jeanette Gilbert, to be guilty of malicious, wilful, outrageously [sic] and reckless conduct toward Cindy Dawn Surface Pauley [sic] and we award punitive damages.

X YES \_\_\_\_NO

Punitive Damages $ 15,000.00 .

Following the return of the jury's verdict, counsel for Ms. Pauley moved for an award of prejudgment interest, to which counsel for Ms. Gilbert objected. Having considered the matter, the circuit court submitted to the still-impaneled jury the following special interrogatory:

(1.) Does the verdict of the jury in awarding compensatory damages to the plaintiff, Cindy Dawn Pauley, in the amount of $33,500.00 include interest from the date (dates) of breach of fiduciary duty—to February 6, 1997?

X YES \_\_\_\_NO

(2.) If above answer yes, then what rate of interest did the jury utilize in its calculation? \_\_\_\_6%\_\_\_\_
Reply of Jury

By order entered July 9, 1997, the circuit court entered judgment for Ms. Pauley in accordance with the jury's verdict in her favor. The court further specified the precise amounts of Ms. Pauley's award:

The jury having returned a jury verdict awarding to the plaintiff compensatory damages in the amount of $33,500.00 plus $30,056.03 in simple interest at 10% per annum from the date of the breach of May 24, 1990 (the date on which plaintiff reached age eighteen (18)) for a total judgment of $63,556.03 in compensatory damages and the court having been advised that in accordance with the Partial Dismissal Order entered in this action on February 5, 1997 that Cindy Dawn Pauley Surface [sic] did receive of and from American Casualty Company the sum of $30,-000.00, this Court does proceed to enter judgment upon the jury verdict and it is, accordingly ORDERED that the plaintiff, Cindy Dawn Surface Pauley, do recover of and from the defendant, Jeanette Surface Gilbert, in compensatory damages the sum of $33,556.03 with interest thereon from February 7, 1997 at the legal rate until paid.

The jury having returned a verdict awarding the plaintiff punitive damages in the amount of $15,000.00, it is accordingly ORDERED that the plaintiff Cindy Dawn Surface Pauley do recover of and from the defendant Jeanette Surface Gilbert in punitive damages the sum of $15,000.00 with interest thereon from February 7, 1997, at the legal rate, until paid.

The Court having so ruled, it did further FINDS and ORDERS (1) that the plaintiff is awarded her attorney's fees in the amount of $16,166.66 for the willful, wanton, outrageous and reckless conduct of the defendant, which said fee represents one-third of the damages awarded by the jury and finds the same to be reasonable.

The Court further awards the plaintiff her costs and expenses in this matter in the amount of $704.48.

After the entry of this judgment order, defendants Ms. Gilbert and American Casualty filed motions for postjudgment relief. By order filed April 14, 1998, the circuit court denied American Casualty's request for relief based upon its earlier dismissal from the action. Nevertheless, the court granted Ms. Gilbert's post-trial motions, and ruled as follows:

First, the Court finds that the judgment previously entered in this matter on the 9th day of July, 1997, erroneously awarded

the plaintiff interest on interest because the jury's verdict of $33,500.00 in compensatory damages on the 6th day of February, 1997, expressly included interest in the amount of six percent per annum.

Second, the Court finds that, in accordance with W. Va.Code § 56–6–31 (1981), the jury should have awarded prejudgment interest in the amount of ten percent per annum.

Third, the Court calculates the proper amount of the compensatory judgment award as follows: $22,651.76 in compensatory damages + $10,848[.]24 in prejudgment interest @ 6 percent = $33,500.00 awarded by the jury + $6,823.46 in prejudgment interest @ 4 percent = $40,-323.46 – $30,000.00 settlement with American Casualty = $10,323.46 in total compensatory damages.

Fourth, the Court finds the plaintiff to be entitled to judgment for compensatory damages in the amount of $10,323.46, and for post-judgment interest at ten percent per annum to be calculated from February 6, 1997, until payment is received.

Fifth, the Court affirms the jury's punitive damages award of $15,000.00, but upon which post-judgment interest does not accrue.

Finally, the Court finds that there is no law supporting any award of attorney['s] fees, costs, and expenses in this matter, and hereby sets aside of its previous award of $16,166.67 in attorney['s] fees and $704.48 in litigation expenses previously awarded.

It is from this second order of the circuit court, modifying its original judgment order, that Ms. Pauley appeals to this Court.

## II.

### STANDARD OF REVIEW

The issues presented for resolution by this Court in the instant appeal require us to examine the correctness of the circuit court's order concerning the award of prejudgment interest, postjudgment interest, and attorney's fees and costs. Generally,

[i]n reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. pt. 2, *Walker v. West Virginia Ethics Comm'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997). *See also* Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a de novo standard of review."). With specific respect to the propriety of the circuit court's award of prejudgment interest, we employ a similar standard of review. "In reviewing a circuit court's award of prejudgment interest, we usually apply an abuse of discretion standard. When, however, a circuit court's award of prejudgment interest hinges, in part, on an interpretation of our decisional or statutory law, we review de novo that portion of the analysis." Syl. pt. 2, *Hensley v. West Virginia Dep't of Health & Human Resources*, 203 W.Va. 456, 508 S.E.2d 616 (1998). Likewise, when examining the correctness of a circuit court's award or denial of costs and attorney's fees, we accord the lower court's decision great deference.

" ' "[T]he trial [court] . . . is vested with a wide discretion in determining the amount of . . . court costs and counsel fees, [sic] and the trial [court's] . . . determination of such matters will not be disturbed upon appeal to this Court unless it clearly appears that [it] has abused [its] discretion." Syllabus point 3, [in part,] *Bond v. Bond*, 144 W.Va. 478, 109 S.E.2d 16 (1959).' Syl. Pt. 2, [in part,] *Cummings v. Cummings*, 170 W.Va. 712, 296 S.E.2d 542 (1982) [ (per curiam) ]." Syllabus point 4, in part, *Ball v. Wills*, 190 W.Va. 517, 438 S.E.2d 860 (1993).

Syl. pt. 2, *Daily Gazette Co., Inc. v. West Virginia Dev. Office*, 206 W.Va. 51, 521 S.E.2d 543 (1999). With these standards of review in mind, we now proceed to consider Ms. Pauley's assignments of error.

## III.

## DISCUSSION

On appeal to this Court, Ms. Pauley assigns three errors. First, the circuit court erroneously calculated the amount of prejudgment interest to which she is entitled on her award of compensatory damages. Second, the circuit court incorrectly ruled that postjudgment interest does not accrue on punitive damages awards. Third, the circuit court improperly found that Ms. Pauley has no right to recover her attorney's fees and costs associated with the litigation of this action for breach of fiduciary duty. We will address each of these assignments of error in turn.

### A. Award of Prejudgment Interest on Compensatory Damages

Ms. Pauley first complains that the circuit court erroneously calculated the amount of prejudgment interest to which she is entitled on her award of compensatory damages. In its modified judgment order of April 14, 1998, the circuit court determined that the amount of prejudgment interest payable on Ms. Pauley's award of compensatory damages is at the rate of ten percent, instead of the six percent rate incorporated by the jury. Therefore, the court revised its earlier award of prejudgment interest and

> calculate[d] the proper amount of the compensatory judgment award as follows: $22,651.76 in compensatory damages + $10,848[.]24 in prejudgment interest @ 6 percent = $33,500.00 awarded by the jury + $6,823.46 in prejudgment interest @ 4 percent = $40,323.46 − $30,000.00 settlement with American Casualty = $10,-323.46 in total compensatory damages.

Ms. Pauley contends that this modified award is nevertheless erroneous because it improperly applies the amount of her settlement with American Casualty to the date on which prejudgment interest should begin to accrue, i.e., May 24, 1990, the date of her eighteenth birthday, rather than to the date of the settlement's actual payment, i.e., February 5, 1997. Additionally, Ms. Pauley suggests that the additional four percent prejudgment interest to which she is entitled by reason of the jury's inadequate award of

prejudgment interest should be compounded and calculated upon the $33,500 compensatory damages figure. Ms. Gilbert responds that the circuit court properly calculated the prejudgment interest payable upon Ms. Pauley's award of compensatory damages.

We begin our decision of this issue by referring to the statutory provision governing awards of prejudgment interest, W. Va. Code § 56-6-31 (1981) (Repl.Vol.1997). This statute provides

> [e]xcept where it is otherwise provided by law, every judgment or decree for the payment of money entered by any court of this State shall bear interest from the date thereof, whether it be so stated in the judgment or decree or not: Provided, that if the judgment or decree, or any part thereof, is for special damages, as defined below, or for liquidated damages, the amount of such special or liquidated damages shall bear interest from the date the right to bring the same shall have accrued, as determined by the court. Special damages includes lost wages and income, medical expenses, damages to tangible personal property, and similar out-of-pocket expenditures, as determined by the court. The rate of interest shall be ten dollars upon one hundred dollars per annum, and proportionately for a greater or lesser sum, or for a longer or shorter time, notwithstanding any other provisions of law.

*Id. See also* Syl. pt. 3, *Hensley v. West Virginia Dep't of Health & Human Resources,* 203 W.Va. 456, 508 S.E.2d 616 (" 'Prejudgment interest accruing on amounts as provided by law prior to July 5, 1981, is to be calculated at a maximum annual rate of six percent under *W. Va.Code,* 47-6-5(a) [1974], and *thereafter, at a maximum annual rate of ten percent in accordance with the provisions of W. Va.Code, 56-6-31 [1981].'* Syllabus point 7, *Bell v. Inland Mutual Insurance Co.,* 175 W.Va. 165, 332 S.E.2d 127 (1985)." (emphasis added)).

In accordance with this language, it is indisputably clear that Ms. Pauley is entitled to an award of prejudgment interest at the statutory rate of ten percent as her cause of action accrued on May 24, 1990, after the ten percent rate became effective. Therefore,

we find that the circuit court did not abuse its discretion by modifying the jury's award of a six percent prejudgment interest rate to include the correct amount of prejudgment interest, that being the statutory ten percent rate. The crux of this assignment, however, is whether the circuit court properly calculated this amount. Based upon the record evidence, we conclude that the circuit court did not abuse its discretion in rendering the above-quoted modified award of prejudgment interest on Ms. Pauley's award of compensatory damages.

■ First, we find Ms. Pauley's assertion that the circuit court improperly applied the settlement monies she received from American Casualty to her award of compensatory damages to be without merit. The circuit court's order clearly indicates that the court separated the interest-inclusive jury award of compensatory damages into its respective component parts of damages and six percent prejudgment interest. After arriving at these figures, the court then calculated prejudgment interest on the bare damages award at the rate of four percent to compensate Ms. Pauley for the full ten percent of prejudgment interest to which she is entitled by law. Only after calculating the additional four percent interest on the initial award of compensatory damages did the circuit court subtract the American Casualty settlement of $30,000 from the amount for which Ms. Gilbert remains liable. Thus, it is apparent that the circuit court did not improperly or prematurely apply the settlement monies to its calculations of Ms. Pauley's compensatory damages prejudgment interest.

■ Similarly, we reject Ms. Pauley's proffered calculation of four percent compound prejudgment interest upon the whole of the compensatory damages award, which includes six percent prejudgment interest, of $33,500 returned by the jury. Quite recently this Court has admonished that "[w]here there exists no statute or express written agreement establishing the type of prejudgment interest as being compound, and in the absence of a recognized exception which would permit the recovery of compound prejudgment interest, prejudgment interest is simple in kind." Syl. pt. 4, *Hensley*, 203

W.Va. 456, 508 S.E.2d 616. Were we to adopt the calculations suggested by Ms. Pauley, not only would we be expressly allowing compound prejudgment interest in direct contravention of our precise holding to the contrary, as there is no indication that compound prejudgment interest is permissible in this case, but we would also be permitting a calculation of interest that is, simply stated, wrong.

The proper method of calculating simple prejudgment interest is that employed by the circuit court whereby the missing portion of interest is calculated upon the base award of damages, and that amount added to the sum of (1) the compensatory damages award and (2) the included portion of prejudgment interest, *i.e.*, six percent. To compute the omitted prejudgment interest as suggested by Ms. Pauley would incorrectly permit the award of compound prejudgment interest since the omitted four percent prejudgment interest rate would be applied not just to the initial award of compensatory damages but also to the entire amount of six percent prejudgment interest, which was previously awarded by the jury and which had accrued from Ms. Pauley's date of injury, May 24, 1990, to the date of the jury's verdict, February 6, 1997. This result we simply cannot countenance. Finding that the circuit court did not abuse its discretion in modifying its earlier award of prejudgment interest on Ms. Pauley's compensatory damages award, we affirm the court's order in this regard.

### B. Award of Postjudgment Interest on Punitive Damages

■ Next, Ms. Pauley argues that the circuit court incorrectly ruled that postjudgment interest does not accrue on punitive damages awards. In its original judgment order of July 9, 1997, the circuit court awarded Ms. Pauley postjudgment interest on the jury's $15,000 award of punitive damages. By its later order wherein it revisited the original judgment order, though, the circuit court, without explanation, revoked its earlier award of postjudgment interest on Ms. Pauley's punitive damages award, ruling only that "post-judgment interest does not accrue" on awards of punitive damages. With this assignment of error, Ms. Pauley

seeks to recover postjudgment interest on her punitive damages award. Ms. Gilbert's response is silent as to this issue.

The query we have been asked to resolve in this assignment of error is whether postjudgment interest may be granted on an award of punitive damages. As with our determination of the propriety of the circuit court's prejudgment interest award, we look first to the applicable statute governing awards of postjudgment interest. In pertinent part, W. Va.Code § 56–6–31 directs that

> [e]xcept where it is otherwise provided by law, *every judgment or decree for the payment of money entered by any court of this State shall bear interest from the date thereof, whether it be so stated in the judgment or decree or not....* The rate of interest shall be ten dollars upon one hundred dollars per annum, and proportionately for a greater or lesser sum, or for a longer or shorter time, notwithstanding any other provisions of law.

(Emphasis added).

■ To discern the import of this language, we necessarily must glean the legislative intent underlying this enactment. " ' "The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syllabus point 1, *Smith v. State Workmen's Compensation Commissioner*, 159 W.Va. 108, 219 S.E.2d 361 (1975).' Syllabus point 6, *State ex rel. ACF Industries, Inc. v. Vieweg*, 204 W. Va. 525, 514 S.E.2d 176 (1999)." Syl. pt. 3, *Daily Gazette Co., Inc. v. West Virginia Dev. Office*, 206 W.Va. 51, 521 S.E.2d 543 (1999).

> " ' "Where the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation." Syl. pt. 2, *State v. Elder*, 152 W.Va. 571, 165 S.E.2d 108 (1968).' Syllabus point 1, *Courtney v. State Dept. of Health of West Virginia*, 182 W.Va. 465, 388 S.E.2d 491 (1989)." Syllabus point 3, *Francis O. Day Company, Inc. v. Director, Division of Environmental Protection*, 191 W.Va. 134, 443 S.E.2d 602 (1994).

Syl. pt. 5, *Walker v. West Virginia Ethics Comm'n*, 201 W.Va. 108, 492 S.E.2d 167. *See also* Syl. pt. 4, *Daily Gazette*, 206 W.Va. 51, 521 S.E.2d 543 (" ' " "A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. Pt. 2, *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488 (1951).' Syllabus point 1, *State v. Jarvis*, 199 W.Va. 635, 487 S.E.2d 293 (1997).").

The portion of W. Va.Code § 56–6–31 quoted above plainly and clearly entitles any person who has received a money judgment to an award of ten percent postjudgment interest thereon. Moreover, this language does not specifically exclude punitive or exemplary damages from its operation, but applies to all types of damages by its express terms: "*every* judgment or decree for the payment of money entered by any court of this State *shall* bear interest from the date thereof ...." W. Va.Code § 56–6–31 (emphasis added). Finally, the Legislature's inclusion of the word "shall" indicates that an award of postjudgment interest in accordance with W. Va.Code § 56–6–31 is mandatory and not within the circuit court's discretion. *See* Syl. pt. 1, *Nelson v. West Virginia Pub. Employees Ins. Bd.*, 171 W.Va. 445, 300 S.E.2d 86 (1982) ("It is well established that the word 'shall,' in the absence of language in the statute showing a contrary intent on the part of the Legislature, should be afforded a mandatory connotation.").

Based upon the plain language of W. Va. Code § 56–6–31, we determine that Ms. Pauley was entitled to receive postjudgment interest on her award of punitive damages. Because we find that the circuit court erred by denying postjudgment interest in this regard, we vacate the court's April 14, 1998, order with respect to this ruling. We further remand this case for the reinstatement of the lower court's order of July 9, 1997, insofar as that order awarded Ms. Pauley postjudgment interest on her punitive damages award.

### C. Award of Attorney's Fees and Costs of Litigation

■ Ms. Pauley lastly contends that the circuit court improperly found that she has no right to recover her attorney's fees and costs associated with the litigation of this

action for breach of fiduciary duty. In its order of July 9, 1997, the circuit court

> awarded her attorney's fees in the amount of $16,166.66 for the willful, wanton, outrageous and reckless conduct of the defendant, which said fee represents one-third of the damages awarded by the jury and finds the same to be reasonable.
>
> The Court further award[ed] the plaintiff her costs and expenses in this matter in the amount of $704.48.

However, when the circuit court modified its original judgment order on April 14, 1998, it found "that there is no law supporting any award of attorney['s] fees, costs, and expenses in this matter, and hereby sets aside of its previous award of $16,166.67 in attorney['s] fees and $704.48 in litigation expenses previously awarded." From this denial of attorney's fees and costs, Ms. Pauley appeals to this Court and requests that she be awarded these litigation expenses. By contrast, Ms. Gilbert maintains that Ms. Pauley is not entitled to recover her attorney's fees or costs in this action.

 The first item contested in this assignment of error is the availability of attorney's fees. "As a general rule each litigant bears his or her own attorney's fees absent a contrary rule of court or express statutory or contractual authority for reimbursement." Syl. pt. 2, *Sally–Mike Properties v. Yokum*, 179 W.Va. 48, 365 S.E.2d 246 (1986). While no express authority exists for the recoupment of attorney's fees under the precise facts of the instant appeal involving a fiduciary's breach of her duties, there nevertheless exists express statutory authority for the recovery of nominal attorney's fees in W. Va.Code § 59–2–14 (1995) (Repl.Vol.1997). This provision mandates that the clerk of a court in which a party prevails "shall include in the costs to the prevailing party: (a) In any civil action, ten dollars...." *Id. See also Sally–Mike Properties*, 179 W.Va. at 50, 365 S.E.2d at 248 ("*W. Va.Code*, 59–2–14 [1960] requires the clerk of a court to tax as part of the costs a nominal statutory attorney's fee of ten dollars for a civil action in circuit court ...."). "Ordinarily, attorney's fees in excess of the nominal statutory amounts provided by *W. Va.Code*, 59–2–14 [1960] are not

'costs.'" *Sally–Mike Properties*, 179 W.Va. at 50, 365 S.E.2d at 248 (citations omitted). Although, "[t]here is authority in equity to award to the prevailing litigant his or her reasonable attorney's fees as 'costs,' without express statutory authorization, when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons." Syl. pt. 3, *id.*

With these principles in mind, we consider whether Ms. Pauley is entitled to recover her attorney's fees in this case. We find that the egregious facts and circumstances giving rise to these proceedings warrant such an award and that the circuit court erred in denying Ms. Pauley this relief. Based upon the considerable record evidence, we conclude that Ms. Gilbert's actions in failing to perform her legally-prescribed fiduciary duties and in misappropriating the corpus of Ms. Pauley's trust account for her own use constituted "bad faith, vexatious[ ], wanton[ ] [and] ... oppressive" behavior meriting an award of attorney's fees in Ms. Pauley's favor for her efforts in prosecuting this lawsuit to recover monies that are lawfully hers. Therefore, we vacate the circuit court's April 14, 1998, order to the extent that it denied an award of attorney's fees to Ms. Pauley and remand this case for the reinstatement of the court's July 9, 1997, order which granted such relief.

 The second issue contested in this assignment of error is whether Ms. Pauley is entitled to recover the costs of litigation she incurred as a result of this lawsuit. As with awards of attorney's fees, "'"[c]osts were unknown at common law. They are created and provided for by statute and may be imposed, recovered or collected only as authorized by statute."'" *Sally–Mike Properties*, 179 W.Va. at 50, 365 S.E.2d at 248 (quoting *Geary Land Co. v. Conley*, 175 W.Va. 809, 813, 338 S.E.2d 410, 414 (1985) (per curiam) (quoting *Humphrey v. Mauzy*, 155 W.Va. 89, 95, 181 S.E.2d 329, 332 (1971) (citations omitted))). The statutory provision authorizing a prevailing party to recover his/her litigation expenses, W. Va.Code § 59–2–8 (1923) (Repl.Vol.1997), states that "[e]xcept where it is otherwise provided, the party for whom final judgment is given in any action, or in a motion for judgment for money,

whether he be plaintiff or defendant, *shall* recover his costs against the opposite party . . . ." (Emphasis added). Because the term "shall" is generally afforded a mandatory connotation, *see* Syl. pt. 1, *Nelson v. West Virginia Public Employees Insurance Board,* 171 W.Va. 445, 300 S.E.2d 86, and because it is indisputable that the jury's verdict in Ms. Pauley's favor renders her the prevailing party, we find that Ms. Pauley is unquestionably entitled to recover her costs in accordance with W. Va.Code § 59–2–8. Thus, we vacate the circuit court's order of April 14, 1998, denying Ms. Pauley her costs and remand this matter for the reinstatement of the court's July 9, 1997, order wherein it awarded her such relief.

## IV.

### CONCLUSION

For the foregoing reasons, we conclude that the circuit court properly recalculated the amount of prejudgment interest to which Ms. Pauley is entitled on her award of compensatory damages, and we affirm the circuit court's April 14, 1998, order in this regard. Furthermore, we find that the circuit court erroneously denied Ms. Pauley postjudgment interest on her award of punitive damages and her attorney's fees and costs associated with this action. Therefore, we vacate the circuit court's April 14, 1998, order to the contrary and remand this case for the reinstatement of the court's order of July 9, 1997, insofar as that order granted postjudgment interest on Ms. Pauley's award of punitive damages and permitted her to recover from Ms. Gilbert the attorney's fees and costs she incurred in this lawsuit. Accordingly, the April 14, 1998, order of the Circuit Court of Kanawha County is hereby affirmed, in part, and vacated, in part, and this case is remanded for further proceedings consistent with this opinion.

Affirmed, in part; Vacated, in part; and Remanded.