543 S.E.2d 651

**Nathan PETERS and Jack Hoffman, Plaintiffs Below, Appellants,**

v.

**THE COUNTY COMMISSION OF WOOD COUNTY, A Statutory Corporation, Defendant Below, Appellee.**

No. 27908.

Supreme Court of Appeals of West Virginia.

Submitted Nov. 1, 2000.

Decided Dec. 12, 2000.

Walt Auvil, Esq., Pyles & Auvil, Parkersburg, West Virginia, Attorney for Appellants.

Joseph P. Albright, Jr., Esq., Albright, Bradley & Albright, Parkersburg, West Virginia, Attorney for Appellee.

PER CURIAM:

This case is before this Court again following our decision in *Peters v. County Commission of Wood County*, 205 W.Va. 481, 519 S.E.2d 179 (1999), remanding the case to the circuit court for an in camera review of whether communications between the Wood County Commissioners and the county prosecutor at three separate meetings fell within the attorney-client privilege exception to the open meetings requirement of the Open Gov-

ernmental Proceedings Act, W.Va.Code §§ 6–9A–1 to –7 (1993 and Supp.1998).[1] In this appeal, the appellants, Nathan Peters and Jack Hoffman, contend that the circuit court completely ignored this Court's directions upon remand and erred by dismissing their claims in a final order entered on October 25, 1999.

This Court has before it the petition for appeal, the entire record, and the briefs and argument of counsel. For the reasons set forth below, the final order of the circuit court is reversed, and this case is remanded with directions.

## I.

On August 20, 1997, the appellants, Nathan Peters and Jack Hoffman, citizens of Wood County, West Virginia, filed a complaint in the Circuit Court of Wood County alleging that the County Commission of Wood County (hereinafter "the Commission") violated the Open Governmental Proceedings Act (hereafter "the Act") by holding a non-public, unnoticed, closed meeting on July 24, 1997. The appellants learned of this meeting from a newspaper article stating that the meeting had occurred and that its purported purpose was to discuss the legal matters surrounding the proposed annexation of Mineral Wells, West Virginia. Subsequently, the appellants amended their complaint and asserted that the Commission had further violated the Act by holding two additional closed meetings on August 21, 1997 and November 3, 1997.

The Commission responded by stating that the July 24, 1997 meeting was held to discuss certain matters with its attorney, Virginia Conley, the Wood County prosecuting attorney.[2] The Commission maintained that the meeting qualified as an executive session under the Act and that it was further protected by the attorney-client privilege. The Commission also contended that the August 21,

1997 and November 3, 1997 meetings were protected by the attorney-client privilege.

The Commission designated Commissioner David A. Couch as its representative pursuant to Rule 30(b)(7) of the West Virginia Rules of Civil Procedure to respond to the appellants' discovery requests. The appellants deposed Commissioner Couch on two separate occasions. In each instance, Commissioner Couch refused to answer several questions regarding the nature of meetings asserting the attorney-client privilege on the advice of his attorney. In response, the appellants filed a motion to compel, but the circuit court denied the motion stating that it was of the opinion that the attorney-client privilege continues to exist independent of the Act, even though the privilege is not specifically enumerated as an exception. Following this limited discovery, the circuit court granted summary judgment in favor of the Commission. The appellants then filed an appeal with this Court.

Upon appeal, this Court reversed the circuit court's order granting summary judgment to the Commission and remanded the case for an in camera review of whether the communications between the Commission and the county prosecutor fell within the attorney-client privilege exception to the open meetings requirement of the Act. As directed, the circuit court held a hearing on September 30, 1999. During the hearing, each of the Commissioners testified about the meetings with the prosecutor on August 21, 1997 and November 3, 1997. At the end of the hearing, the circuit court again declined to grant any relief to the appellants and dismissed their claims. This appeal followed.

## II.

■ We begin our discussion by noting that " '[i]n reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of

---

1. As we noted in *Peters*, the West Virginia Legislature amended significant portions of the Open Governmental Proceedings Act in 1999. 205 W.Va. at 487 n. 7, 519 S.E.2d at 185, n. 7.

2. W.Va.Code § 7–4–1 (1993) provides that the prosecuting attorney shall "advise, attend to, bring, prosecute or defend, as the case may be, all matters, actions, suits and proceedings in which such county or any county board of education is interested."

review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.' Syllabus point 2, *Walker v. West Virginia Ethics Commission*, 201 W.Va. 108, 492 S.E.2d 167 (1997)." Syllabus Point 1, *Pauley v. Gilbert*, 206 W.Va. 114, 522 S.E.2d 208 (1999). With this standard in mind, we now address the issue before this Court.

■ The appellants contend that the circuit court failed to hold an in camera examination as ordered by this Court in *Peters, supra.* After reviewing the record in this case and in particular the transcript of the September 30, 1999 hearing, we agree with the appellants' contention. In Syllabus Points 5 and 6, respectively, of *Peters*, this Court held that:

Privileged communications between a public body subject to the requirements of the Open Governmental Proceedings Act, West Virginia Code §§ 6–9A–1 to –7 (1993 and Supp.1998), and its attorney are exempted from the open meetings requirement of the Act. Such executive session may be closed to the public only when the following statutory requirements are met: 1) a majority affirmative vote of the members present of the governing body of the public body, as required by West Virginia Code § 6–9A–4; 2) the notice requirements as found in West Virginia Code § 6–9A–3 shall be followed; and, 3) the written minutes requirements as found in West Virginia Code § 6–9A–5 shall be followed. However, a public agency is not permitted to close a meeting that otherwise would be open merely because an agency attorney is present.

When a public body closes an open meeting on the basis that the matters to be discussed in that meeting are exempt from the Act as a result of the attorney-client privilege and that claim is challenged, the circuit court should review in camera whether the communications do indeed fall within that privilege. In other words, a bare claim that the matters to be discussed in a meeting of a public body are privi-

leged, if challenged, does not suffice to close the meeting.

At the September 30, 1999 hearing, the circuit court first sought to determine whether the Commission had complied with the procedural requirements of W.Va.Code §§ 6–9a–3 and 6–9a–5. At the conclusion of the Commissioners' testimony with respect to the procedural requirements, counsel for the Commission suggested that the court conduct the in camera hearing as ordered by this Court to determine if the communications that occurred during the meetings fell within the attorney-client privilege. At this point, the circuit court interpreted *Peters* to require an in camera review of the written minutes of the meetings and not oral testimony as to the participants' recollection of what occurred at the meetings. The court then ruled that the meetings probably should have been open to the public, but at best or at worst, a technical violation had occurred which did not warrant an injunction or the payment of attorney fees as requested by the appellants. Thus, without examining in any context the substance of the communications between the Commission and its attorney during the three meetings at issue, the circuit court dismissed the case.

■ In *Peters*, this Court expressly noted that no recordings of the closed meetings existed for review and that the circuit court had not determined the nature of the discussions that occurred during the three closed meetings. 205 W.Va. at 484, 519 S.E.2d at 182. We further stated that without this information, it would be impossible to determine whether the communications that occurred at the closed meetings fell within the attorney-client privilege. As we explained, "a bare claim that the matters to be discussed in a meeting of a public body are privileged, if challenged, does not suffice to close the meeting." 205 W.Va. at 490, 519 S.E.2d at 188. Instead, the circuit court must review in camera whether the communications do indeed fall within the attorney-client privilege. *Id.* Accordingly, we once again remand this case and instruct the circuit court to hold an in camera hearing to determine whether or not the communications that occurred during the three closed

meetings fell within the limited attorney-client privilege as enunciated in *Peters*. In this regard, the circuit court must examine the substance of the communications that occurred between the Commissioners and their attorney during the three meetings in order to determine if the meetings fell within the attorney-client privilege.

Therefore, the final order of the Circuit Court of Wood County entered on October 25, 1999, is reversed, and this case is remanded to the circuit court for further proceedings consistent with this opinion.

Reversed and remanded with directions.