## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Nicholas County Commission;**
**Dr. Yancy Short, President;**
**Mr. John Miller, Commissioner;**
**and Mr. Kenneth Altizer, Commissioner,**
**Respondents Below, Petitioners**

**FILED**

June 12, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 14-0218** (Nicholas County 13-P-47)

**Tim Clifford,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioners and defendants below, the Nicholas County Commission, Dr. Yancy Short, President, and Commissioners John Miller and Kenneth Altizer, by counsel Duane J. Ruggier and Marc A. Rigsby, appeal the January 28, 2014, order of the Circuit Court of Nicholas County that, inter alia, annulled and vacated the position of county administrator and rescinded the hiring of Roger Beverage in that position following a hearing on a petition for preliminary injunction filed by respondent and plaintiff below, Tim Clifford, pro se. Respondent filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner Nicholas County Commission ("Commission"), met on August 6, 2013. According to the Commission's minutes of that meeting, it informed county department personnel and citizens in attendance that it had hired Roger Beverage as Nicholas County Administrator; that the position was temporary and did not include benefits, paid holidays, or paid overtime; and that Mr. Beverage would be paid $60,000 per year. The meeting minutes further reveal that when the Commission was asked by individuals attending the August 6th meeting why Mr. Beverage was hired without a public hearing, the Commissioners explained that they were not statutorily required to allow for public comment before hiring Mr. Beverage. According to the meeting minutes, Mr. Beverage's date of employment was made retroactive to August 1, 2013.

Thereafter, on August 9, 2013, the Office of the Nicholas County Clerk posted a special meeting notice that indicated, among other things, that the Commission would meet on August

1

12, 2013, to rescind Mr. Beverage's appointment because the Commission failed to place it on the agenda for the August 6, 2013, meeting. The notice further indicated that the matter would be placed on the agenda for the next open meeting scheduled for August 20, 2013, to allow for public comment on the position and the hiring of Mr. Beverage. Following public comment at the August 20th meeting, the position of county administrator was created and Mr. Beverage was hired, at a salary of $5,000 per month, by a formal, unanimous vote of the Commission.

In a memorandum dated August 28, 2013, from the Commission to "Chief Personnel of the Nicholas County Commission," the Commission advised that, as the county administrator, Mr. Beverage,

> has the full authority to supervise the departments placed directly under his control as follows: the [O]ffice of the Nicholas County Commission, Day Reporting Center, Nicholas Animal Shelter, Maintenance Department of Court House, Communications, and Homeland Security. Mr. Beverage has access to all areas controlled by these departments, in addition to all written material and records maintained . . . . We, as the Nicholas County Commission, conveyed upon Mr. Beverage certain discretionary responsibilities on our behalf, and to oversee all departments under our control and to act in a manner that he deems appropriate. In addition, Mr. Beverage will keep us apprised of his activities. Mr. Beverage has our complete and total support, and we expect everyone to accommodate him with any and all directives and requests.

On that same date, respondent, pro se, filed a petition for a preliminary injunction in the Circuit Court of Nicholas County in which he alleged that petitioners changed the form of the Commission and the county government, in violation of the West Virginia Constitution, Article IX, Section 13, and West Virginia Code §§ 7-1-1a through -1m. Petitioners filed an answer on September 6, 2013, denying the allegations, and also moved that the petition be dismissed.

A hearing was conducted on December 5, 2013, at which Commission President Short, Commissioners Miller and Altizer, and Mr. Beverage all testified. Mr. Short testified that the county administrator job description was created after Mr. Beverage was hired and was adopted by the Commission at one of its meetings between June 4, 2013, and August 20, 2013. Mr. Short further testified that he could not recall if the Commission approved the above-described August 28th memorandum at a Commission meeting or if the Commissioners signed the memorandum during or outside of a Commission meeting. Additionally, he testified that the Commission did not intend to give Mr. Beverage more authority than is statutorily-prescribed; rather, he testified that the Commission intended that Mr. Beverage be responsible for implementing and enforcing the Commission's goals and objectives; that his employment be at-will; that he provide the Commission with monthly reports; that he not have the authority to hire or fire employees; and that he not take any action on any matter without the majority approval of the Commission. Mr. Short also testified that, in creating the county administrator position, the Commission did not intend to modify Nicholas County's current form of government. Commissioners Miller and Altizer also testified at the December 5, 2013, hearing. Their testimony was largely consistent with that of Mr. Short.

For his part, Mr. Beverage testified that he was given a verbal job description of the county administrator position at the time he was hired. He further testified that the Commission requested that he draft a written job description, which he did in September of 2013, after he was hired. The Commission voted upon and approved the county administrator job description as drafted by Mr. Beverage at the October 15, 2013, open meeting of the Commission—that is, more than two months following his hiring date of August 1, 2013. Mr. Beverage testified that he requested that his salary be calculated such that the amount would not "interfere with [the] retirement" he was receiving from his previous employment as a probation officer.

By order entered January 28, 2014, the circuit court rescinded the hiring of Mr. Beverage as Nicholas County Administrator and, further, annulled and vacated that position for the following reasons: the above-described August 28, 2013, memorandum and the county administrator job description were neither discussed nor approved during an open county commission meeting, in violation of the West Virginia Open Governmental Proceedings Act; the Commission violated the West Virginia Governmental Ethics Act by permitting Mr. Beverage to formulate his own job description and calculate his own salary; the Commission conferred upon Mr. Beverage the unfettered authority and discretion to carry out his position without Commission oversight or approval, as demonstrated by the August 28th memorandum, which exceeded the Commission's constitutional and statutory powers; and the Commission failed to follow the statutorily-prescribed procedures for modifying the existing form of county government.[1] This appeal followed.

We review the circuit court's January 28, 2013, order granting injunctive relief under the following standard:

> "'[i]n reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.' Syllabus point 2, *Walker v. West Virginia Ethics Commission,* 201 W.Va. 108, 492 S.E.2d 167 (1997)." Syllabus Point 1, *Pauley v. Gilbert,* 206 W.Va. 114, 522 S.E.2d 208 (1999).

*Peters v. Cnty. Comm'n of Wood Cnty.*, 209 W.Va. 94, 96-97, 543 S.E.2d 651, 653-54 (2000). Furthermore,

> "'[u]nless an absolute right to injunctive relief is conferred by statute, the power to grant or refuse or to modify, continue, or dissolve a temporary or a permanent injunction, whether preventive or mandatory in character, ordinarily rests in the sound discretion of the trial court, according to the facts and the circumstances of the particular case; and its action in the exercise of its discretion will not be disturbed on appeal in the absence of a clear showing of an abuse of such discretion.' Syl. pt. 11, *Stuart v. Lake Washington Realty,* 141 W.Va. 627, 92 S.E.2d 891 (1956)." Syl. Pt. 1, *G Corp., Inc. v. MackJo, Inc.*, 195 W.Va. 752, 466 S.E.2d 820 (1995).

---

[1] The circuit court also awarded respondent court costs.

3

Syl. Pt. 1, *Baisden v. W.Va. Secondary Sch. Activities Comm'n.*, 211 W.Va. 725, 568 S.E.2d 32 (2002).

Petitioner argues that the circuit court erred in concluding that the Commission violated West Virginia Code § 7-1-1a by failing to follow the statutorily-prescribed procedures for altering the existing form of county government. Pursuant to West Virginia Code § 7-1-1a,

> (a) A county government may be reformed, altered or modified as follows:
> (1) The county commission or county council of the county may pass a resolution making application to the Legislature to reform, alter or modify an existing form of county government in accordance with the requirements of the West Virginia Constitution and this section; or
> (2) Ten percent of the registered voters of the county may sign a petition requesting reformation, alteration or modification of the existing form of county government in accordance with the requirements of the West Virginia Constitution and this section.

W.Va. Code § 7-1-1a(a)(1) and (2). West Virginia Code § 7-1-1a includes additional extensive requirements with which a county commission must comply for reforming, modifying, or altering the existing form of county government. *See also* W.Va. Code § 7-1-1a(l)(3) (providing for a "county administrator—county commission plan" style of county government, and stating that a county administrator "shall have the authority to direct the administration of the county government under the supervision of the county commission. The county administrator shall carry out, execute and enforce all ordinances, policies, rules and regulations of the commission . . . .").

In this case, the circuit court concluded that the requirements of West Virginia Code § 7-1-1a were not satisfied. The circuit court found that, "had the Commission intended for Roger Beverage to have limited authority, the memorandum would have clearly indicated some limitation of that authority[;]" and further, that "the language of the August 28th memorandum supports a finding that Mr. Beverage was granted authority that was without limitation or oversight by the Commission, and thus, the Commission effectively conferred upon the . . . County Administrator more authority than that which is constitutionally and statutorily prescribed upon the Commission itself." The circuit court concluded that the Commission's actions constituted an attempt to unilaterally modify the existing form of county government without complying with the requirements set forth in West Virginia Code § 7-1-1a. Based upon this violation, the circuit court rescinded the hiring of Mr. Beverage and vacated the office of county administrator.

On appeal, petitioners argue that the Commission did not change—nor did it intend to change—the existing form of county government but, rather, properly hired Mr. Beverage as county administrator under West Virginia Code § 7-1-3m. West Virginia Code § 7-1-3m, in relevant part, empowers the Commission

> to employ, fix compensation for and discharge such clerical, stenographic, technical, professional and other personnel, including specialists and consultants,

4

as may from time to time be necessary to aid such courts in exercising their powers or discharging their duties as provided by law and *including a county administrator*, to coordinate the court's activities and to do such other things as the court may direct: Provided, That such courts shall not have the power to employ any such personnel to perform powers and duties that are performed by such courts through their clerks pursuant to law.

(Emphasis added).

In addition to this express statutory authority to hire a county administrator, petitioners argue that the Commission also had the implied authority to do so under West Virginia Code § 7-1-3 (providing, in part, that county commissions "shall also, under the rules as now are or may be prescribed by law, have the superintendence and administration of the internal police and fiscal affairs of their counties . . . ."). Petitioners argue that the evidence showed that Mr. Beverage was not given all of the powers of a "county administrator" as contemplated by West Virginia Code § 7-1-1a because he was not permitted to hire or discharge employees; was not a member of the county commission; and would not have full decision-making authority. Furthermore, petitioners contend that the county administrator job description does not support the circuit court's finding that Mr. Beverage was given unfettered discretionary authority; to the contrary, the job description states that the county administrator "shall have and may exercise such executive and administrative powers and duties *as are conferred or imposed upon him/her by the Nicholas County Commission . . . ."* (Emphasis added).

Notwithstanding petitioners' arguments to the contrary, we find that the circuit court did not abuse its discretion in concluding that the Commission unilaterally modified the existing form of the Nicholas County government, in violation of West Virginia Code § 7-1-1a. It is undisputed that, in creating the position of county administrator, petitioners did not "pass a resolution making application to the Legislature to reform, alter or modify" the existing form of government, nor did petitioners obtain the signatures of ten percent of the county's registered voters requesting such reform, alteration or modification. *Id.* The circuit court based its conclusion, in part, upon the authority and responsibilities given to the county administrator as described in the August 28th memorandum. In no uncertain terms, the memorandum informed the county employees whom Mr. Beverage was hired to oversee that, as county administrator, he "has the full authority to supervise the departments directly placed *under his control*[.]" (Emphasis added). Employees were further advised that Mr. Beverage "has access to all areas controlled by these departments, in addition to all written material and records maintained" and has been given "certain *discretionary* responsibilities on [the Commission's] behalf, and to oversee *all* departments under [the Commission's] control and to act in a manner *he deems appropriate*." The Commission's declaration that Mr. Beverage "will keep [the Commission] apprised of his activities[]" strongly suggests that, as county administrator, he was authorized to take action as he saw fit and to report to the Commission after-the-fact.

It is undisputed that the Commission's actions were taken without complying with the requirements of West Virginia Code § 7-1-1a. We find no error in the circuit court's order annulling and vacating the position of county administrator and rescinding the hiring of Mr. Beverage based upon its conclusion that the Commission bestowed upon Mr. Beverage as county

administrator unfettered discretionary authority as to the affairs and administration of the Commission and, in doing so, changed the existing form of county government without first complying with any of the requirements of West Virginia Code § 7-1-1a.[2]

We note that petitioners raise two additional assignments of error on appeal: (1) that the circuit court erred in concluding that petitioners violated the West Virginia Open Governmental Proceedings Act, West Virginia Code §§ 6-9A-1 through 6-9A-12, with regard to the August 28,

---

[2] Petitioners contend that the circuit court granted injunctive relief on an incomplete factual record because the circuit court failed to provide them with "clear and unambiguous notice" that the December 5, 2013, hearing on respondent's petition for preliminary injunction would be consolidated with the trial of the action on the merits. *See W.Va.R.Civ.P.* 65(a)(2) (providing, in part, that "[b]efore or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application.") Though petitioners assert that "clear and unambiguous" notice has heretofore never been required under West Virginia law, they argue, nonetheless, that the circuit court should have afforded them such notice so that they would have had a fair opportunity to more fully present their case on the merits. Moreover, petitioners argue, the circuit court granted injunctive relief without conducting the "balance of hardship" test, including "'(1) the likelihood of irreparable harm to [respondent] without the injunction; (2) the likelihood of harm to [petitioners] with an injunction; (3) [respondent's] likelihood of success on the merits; and (4) the public interest.'" *Camden-Clark Mem. Hosp. Corp. v. Turner*, 212 W.Va. 752, 756, 575 S.E.2d 362, 366 (2002) (quoting *Jefferson Cnty. Bd. of Educ. v. Jefferson Cnty. Educ. Ass'n.*, 183 W.Va. 15, 24, 393 S.E.2d 653, 662 (1990) (internal citation omitted)). *See Turner*, 212 W.Va. at 756, 575 S.E.2d at 366 (quoting Syl. Pt. 4, *State ex rel. Donley v. Baker*, 112 W.Va. 263, 164 S.E. 154 (1932) (stating that "'[t]he granting or refusal of an injunction, whether mandatory or preventive, calls for the exercise of sound judicial discretion in view of all the circumstances of the particular case; regard being had to the nature of the controversy, the object for which the injunction is being sought, and the comparative hardship or convenience to the respective parties involved in the award or denial of the writ.'" (internal citation omitted)).

Based upon our review of the appendix record, and given the unique facts of this case, we find no error. Although the December 5, 2013, hearing was scheduled as a hearing on respondent's petition for a preliminary injunction, all three Commission members testified regarding their decision to create the county administrator position and to hire Mr. Beverage as county administrator. Mr. Beverage also testified in this regard. These witnesses also testified regarding respondent's contention that West Virginia Code § 7-1-1a was violated. The circuit court considered petitioners' argument that they did not intend to violate West Virginia Code § 7-1-1a. In finding to the contrary and deciding to grant injunctive relief, the circuit court implicitly balanced the harms to the parties and concluded that, in altering the existing form of county government without complying with the statutory requirements for doing so, the public interest was served by vacating and annulling the position of county administrator and rescinding Mr. Beverage's hiring into the same. *See Turner*, 212 W.Va. at 756, 575 S.E.2d at 366. We find no error in the circuit court's consolidation of the trial on the merits with the hearing on the petition for injunctive relief.

2013, memorandum and the county administrator job description because neither document was discussed or approved during an open commission meeting, and (2) that the circuit court erred in concluding that petitioners violated the West Virginia Governmental Ethics Act, West Virginia Code § 6B-1-1 through 6B-3-11, because it allowed Mr. Beverage to create his own job description and formulate his own salary as county administrator. Having concluded herein that the circuit court did not commit error in annulling and vacating the county administrator position and rescinding the hiring of Mr. Beverage in that position based upon the Commission's violation of West Virginia Code § 7-1-1a, we need not address these additional assignments of error.

    For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 12, 2015

**CONCURRED IN BY:**

Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Margaret L. Workman
Justice Brent D. Benjamin

7